McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>APPROXIMATELY $77,342.80 in<br>U.S. CURRENCY SEIZED FROM<br>WELLS FARGO BANK ACCOUNT<br>NUMBER 5153336770,<br><br>　　　　　　　Defendant. | 2:05-CV-01462-GEB/KJM<br><br>FINAL JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

　　　　1.  This is a civil forfeiture action against approximately $77,342.80 in U.S. Currency seized on or about March 15, 2005 (hereinafter the "defendant currency") on land in the Eastern District of California.

　　　　2.  A Complaint for Forfeiture *In Rem* was filed on or about July 20, 2005, seeking the forfeiture of the defendant currency, alleging that said currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

　　　　3.  On or about July 20, 2005, Magistrate Judge Mueller issued a warrant and summons of arrest *in rem* for the defendant currency, and that warrant was duly executed.

1        4. On or about October 31, 2005, November 7, 2005 and November 14, 2005, a Public
2   Notice of Arrest of defendant currency appeared by publication in the <u>Record Searchlight</u>, a
3   newspaper of general circulation in the county in which the defendant currency was seized.  The
4   Proof of Publication was filed with the Court on November 29, 2005.
5        5. On or about November 22, 2005, the United States was notified that the Notice of
6   Arrest had been published with a number missing from the bank account listed in the case
7   heading on the notice.  The body of the publication contained the correct Wells Fargo Bank
8   account number.  The United States did have the Notice of Arrest re-published since potential
9   claimant Chris Lefevre represents and warrants that he is the sole owner of the defendant
10  currency.
11       6. In addition to the Public Notice of Arrest having been completed, actual notice was
12  served upon potential claimant Chris Lefevre, through his brother Lonnie Lewis Lefevre.
13       7. No parties have filed claims or answers in this matter, and the time for which any
14  person or entity may file a claim and answer has expired.
15       Based on the above findings, and the Court being otherwise fully advised in the premises,
16  it is hereby
17       ORDERED AND ADJUDGED:
18       1. That the Court adopts the Stipulation for Final Judgment of Forfeiture entered into by
19  and between the parties to this action.
20       2. That judgment is hereby entered against potential claimant Chris Lefevre and all other
21  potential claimants who have not filed claims in this action.
22       3. Upon entry of a Final Judgment of Forfeiture, $38,671.40 of the approximately
23  $77,342.80 in U.S. Currency, together with any interest that may have accrued on that amount,
24  seized on or about March 15, 2005, shall be forfeited to the United States pursuant to 18 U.S.C. §
25  984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeitures in
26  money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

 4. Upon entry of a Final Judgment of Forfeiture herein $38,671.40 of the approximately $77,342.80 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to potential claimant Chris Lefevre. Said payment shall be made no later than 45 days after entry of this Final Judgment of Forfeiture to potential claimant Chris Lefevre through his attorney, Clyde M. Blackmon at 813 Sixth Street, Suite 450, Sacramento, CA 95814.

 5. Potential claimant Chris Lefevre hereby releases plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the arrest/seizure or forfeiture of the approximately $77,342.80 in U.S. Currency seized on or about March 15, 2005. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest/seizure or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

 6. Without admitting that the defendant currency constitutes proceeds traceable to a currency reporting offense, potential claimant Chris Lefevre stipulates that there was reasonable cause for the seizure and arrest of the approximately $77,342.80 in U.S. Currency and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

 7. All parties are to bear their own costs and attorneys' fees.

 IT IS SO ORDERED.

DATED:  December 16, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein and the allegations set forth in the Complaint for Forfeiture *In Rem* filed July 20, 2005, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for seizure of defendant currency.

DATED:   December 16, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge